UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAGAN,<br><br>        Petitioner,<br><br>   v.<br><br>C. DUCART,<br><br>        Respondent. | No. 2:17-cv-1924 KJN P<br><br><br>ORDER |

I. Introduction

      Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

      Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Petitioner filed a motion for stay and abeyance of this action under Rhines v. Weber, 544 U.S. 269 (2005) ("Rhines"). (ECF No. 1 at 25.) As set forth below, petitioner's motion is granted.

////

////

II. Petitioner's Arguments

Petitioner concedes that he has not exhausted six claims concerning ineffective assistance of counsel which he alleges are presently pending in the California Court of Appeals for the Third Appellate District. (ECF No. 1 at 14-15; 31.) Petitioner has exhausted his claims that the state court's finding that petitioner was ineligible for resentencing on counts 6 and 8 was not supported by substantial evidence, and the order denying resentencing violated petitioner's due process rights. (ECF No. 1 at 13.) Petitioner now seeks to stay his habeas petition while he continues to exhaust his six unexhausted claims. Petitioner states he will file in the California Supreme Court as soon as the state appellate court issues its ruling. Petitioner avers that his delay in raising these claims in state court was due to the ineffective assistance of counsel, who failed to raise the claims on direct appeal.

III. Applicable Law

A federal district court may not address the merits of a petition for writ of habeas corpus unless the petitioner has exhausted state court remedies with respect to each of his federal claims. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1). Under Rhines, a district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id., 544 U.S. at 278.[1] The Supreme Court made clear that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay under Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. Id. at 277-78.

---

[1] A second procedure for staying mixed petitions, known as the "Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), has been described by the Ninth Circuit Court of Appeals to involve the following three-step process: "(1) petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). The Kelly procedure is riskier than the Rhines procedure because it does not protect a petitioner's unexhausted claims from expiring during a stay and becoming time-barred under the one year statute of limitations. See King, 564 F.3d at 1140-41.

IV. Discussion

The instant petition is a "mixed petition," containing both exhausted and unexhausted claims.[2]

A. Good Cause

"The case law concerning what constitutes 'good cause' under Rhines has not been developed in great detail." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017) (citing Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014) ("There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust.")) The Supreme Court has addressed the meaning of good cause only once, stating in dicta that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" to excuse his failure to exhaust. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 278).

The Ninth Circuit has provided limited guidance. Under Ninth Circuit law, the "good cause" test is less stringent than an 'extraordinary circumstances' standard. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). However, a petitioner cannot establish good cause simply by alleging that he was "under the impression" that his claim was exhausted. Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008). Ineffective assistance of post-conviction counsel can constitute good cause for a Rhines stay. Blake v. Baker, 745 F.3d at 983. The Ninth Circuit concluded that the Rhines standard for cause based on ineffective assistance of counsel "cannot be any more demanding" than the cause standard required to excuse the procedural default of a habeas claim, as set forth in Martinez v. Ryan, 132 S. Ct. 1309 (2012). Blake, 745 F.3d at 983-84. Recently, the Ninth Circuit held that a total absence of post-conviction counsel will constitute good cause. Dixon, 847 F.3d at 721.

---

[2] Petitioner appears to believe that he raised only exhausted claims in his petition because he states he will seek leave to amend once his unexhausted claims have been exhausted. (ECF No. 1 at 29.) However, the form petition contains his unexhausted claims, but in the appended handwritten pages, petitioner clearly sets forth both his exhausted claim, as well as his unexhausted claims. (ECF No. 1 at 13, 14-15.) Therefore, the instant petition is a mixed petition, containing all of his claims, and no further amendment is required following state court exhaustion.

Here, petitioner provides a copy of his state habeas petition filed in the California Court of Appeals for the Third District that confirms petitioner is proceeding pro se in his state collateral challenges. Under Dixon, the absence of post-conviction counsel is sufficient to establish good cause for a stay under Rhines. See Dixon, 847 F.3d at 714, 721.

B. Potentially Meritorious Claims

"A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under Rhines." Dixon, 847 F.3d at 722 (quoting Rhines, 544 U.S. at 277). A claim is "plainly meritless" only if "it is perfectly clear that the petitioner has no hope of prevailing." Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). A petitioner satisfies this showing by presenting a "colorable" claim. Dixon, 847 F.3d at 722; Lucas v. Davis, 2017 WL 1807907, at *9 (S.D. Cal. May 5, 2017) (citing Dixon and using the "'colorable claim' standard to analyze whether a claim is 'plainly meritless.'").

Here, petitioner includes six unexhausted claims. (ECF No. 1 at 14-15.) Some of these unexhausted claims are based on alleged errors in state sentencing and may lack merit.[3] But petitioner also alleges that defense counsel failed to investigate or call critical witnesses who would testify as to whether petitioner was armed, depriving petitioner of a crucial defense. (ECF No. 1 at 15.) In view of the limited record before the court at this stage of the proceedings, this court cannot conclude that such claim is plainly without merit. A failure by trial counsel to investigate and present mitigating evidence may constitute ineffective assistance of counsel. See Rompilla v. Beard, 545 U.S. 374, 392-93 (2005); Wiggins v. Smith, 539 U.S. 510, 522-23 (2003); Lord v. Wood, 184 F.3d 1083, 1093 (9th Cir. 1999) ("A lawyer who fails to investigate, and to introduce into evidence, information that demonstrates his client's factual innocence, or that raises sufficient doubts as to that question to undermine confidence in the verdict, renders deficient performance."). If petitioner can prove such allegations, a court could find that his constitutional rights were violated by ineffective assistance of counsel. Because such ineffective

---

[3] A misapplication of a state's sentencing law will violate due process only if the misapplication was arbitrary or fundamentally unfair. See Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Id.

4

assistance of counsel claim is "colorable," see Cassett, 406 F.3d at 623-24, and not plainly meritless, this prong of Rhines is satisfied.[4]

C. Intentionally Dilatory Tactics

Finally, as a third factor to consider, the Supreme Court stated that "if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." Rhines, 544 U.S. at 278.

Here, there is no evidence of intentionally dilatory litigation tactics. Indeed, petitioner has been diligently pursuing his state court remedies even while this action has been pending. This court confirmed that petitioner filed a state habeas petition in the California Court of Appeal for the Third Appellate District, in Case No. C085279.[5] The petition was denied by the appellate court on August 25, 2017. Id. On September 21, 2017, petitioner filed a new state petition in the California Supreme Court, Case No. S244472. Thus, petitioner is expeditiously exhausting his state court remedies as to the ineffective assistance of counsel claims.

V. Conclusion

For all of these reasons, petitioner's motion for stay is granted. While the court grants petitioner's motion for stay, petitioner is cautioned that he must promptly seek to lift the stay once the California Supreme Court addresses his petition. Rhines, 544 U.S. at 278 (District courts must "place reasonable time limits on a petitioner's trip to state court and back."). Thus, petitioner is directed to file a motion to lift the stay in this court, within thirty days from the date the California Supreme Court issues a final order resolving his unexhausted claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. Petitioner's motion for stay and abeyance (ECF No. 1) is granted;

////

////

---

[4] The discussion of the potential merit of petitioner's unexhausted claims is not a determination of the merits of such claims.

[5] California Courts, <http://appellatecases.courtinfo.ca.gov>, visited October 26, 2017.

5

3. Petitioner is directed to file a motion to lift the stay in this court, within thirty days from the date the California Supreme Court issues a final order resolving petitioner's unexhausted claims; and

4. The Clerk of the Court is directed to administratively terminate this action.

Dated: October 30, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/raga1924.stay